**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Jalen Woodard, | Case No. 2:26-cv-00861-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Nikia Withers, | |
| Defendant. | **ECF No. 3** |

**On 3/30/26, the magistrate judge entered this order, report, and recommendation [ECF No.3]:**

Pro se Plaintiff brings a copyright infringement claim against Defendant. He submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, this Court will grant his request to proceed *in forma pauperis*. This Court now screens his complaint in accordance with 28 U.S.C. § 1915(e).

I.      ANALYSIS

A.  Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

Plaintiff Jalen Woodard alleges that he is a photographer and owner of certain copyrighted images, and that Defendant Nikia Withers used those images without authorization. According to the complaint, Defendant participated in a photoshoot conducted by Plaintiff but did not pay the agreed fee and was not granted a license to use the images. Despite this, Defendant allegedly posted the photographs on Instagram without permission. Plaintiff submitted a copyright infringement notice, resulting in removal of the content, but Defendant then filed a counter-notification claiming mistake or misidentification and continues to assert a right to use the images.

Plaintiff brings a claim under the Copyright Act, 17 U.S.C. § 101 et seq., and seeks injunctive relief to stop further use of the images, along with statutory damages. He also seeks a preliminary injunction and a temporary restraining order.

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991).

For purposes of screening, Plaintiff has sufficiently alleged facts for a claim of copyright infringement. As a result, that claim may proceed against Defendant. Nevertheless, Plaintiff has not cited any points and authorities as to his request for a preliminary injunction or a temporary restraining order. As a result, this Court recommends that such relief be denied.

## II.    CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiff's Application for Leave to Proceed In Forma Pauperis (ECF No. 1) is **GRANTED**.  Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) issue summons to the following Defendant: Nikia Withers; (2) deliver the summons along with 1 copy of the complaint (ECF No. 1-1) to the U.S. Marshal for service; and (3) mail Plaintiff 1 blank copy of Form USM-285. Once Plaintiff receives the USM-285 form, Plaintiff must fill in Defendant's last-known addresses so that the Defendant may be served.

**IT IS FURTHER ORDERED** that Plaintiff shall have until April 30, 2026, to send the U.S. Marshal the required Form USM-285. Within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the Defendant was served. If Plaintiff wishes to have service again attempted on an unserved Defendant, the Plaintiff must file a motion with the Court identifying the unserved Defendant and specifying a more detailed name and/or address for said Defendant or whether some other manner of service should be attempted.

**IT IS FURTHER RECOMMENDED** Plaintiff's request for a preliminary injunction and/or a temporary restraining order be denied**.** If Plaintiff wishes the Court to consider his request for a preliminary injunction or a restraining order, he must file such motions separately and include points and authorities.

DATED: March 30, 2026

**Order Adopting Recommendation**

The deadline for any party to object to this recommendation was 4/13/2026, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 3] is ADOPTED** in its entirety, so the plaintiff's request for a preliminary injunction and temporary restraining order are **DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: April 15, 2026